WALTER BYSCYNSKI, p.p.a.

*vs.*

McCARTHY FREIGHT SYSTEM, INC.

Superior Court New Haven County File No. 59536

MEMORANDUM FILED DECEMBER 19, 1940.

*Edward L. Reynolds,* and *Marvin C. Gold,* of New Haven, for the Plaintiff.

*Philip R. Shiff,* and *Edwin H. Hall,* of New Haven, for the Defendant.

MUNGER, J. The defendant has moved for a physical examination of the plaintiff and the parties have agreed upon this examination. As a further part of the motion the defendant has moved as follows: "In furtherance of said examination said doctor be authorized by the plaintiff to inspect the records of the Manchester Memorial Hospital relating to his confinement there."

It appears, in other words, that the court is asked to order the plaintiff to authorize the defendant's doctor to inspect the hospital records.

It is said that this is not a motion for a disclosure and obviously this is true. The right to a disclosure is granted under section 1659c of the 1935 Cumulative Supplement to the General Statutes, in terms as follows: "In any civil action, the court, upon motion of either party, may order disclosure of facts or disclosure, production and inspection of papers, books or documents by any party thereto, material to the mover's cause of action or defense, and within the knowledge, possession or power of the adverse party."

In the form, at least, in which the defendant's present motion is made it must be denied. It is not alleged and it does not appear that the information sought to be acquired is within

"the knowledge, possession or power of the adverse party." It does not appear that the plaintiff has any control over the records of the Manchester Memorial Hospital, nor does it appear that this motion is necessary. How can this court order the plaintiff to authorize the defendant's doctor to inspect these records? The information sought to be acquired seems to be purely evidential, but assuming that it is information which the defendant should justly obtain for the purpose of preparing its case, no reason appears by any 'allegation in the motion why the defendant cannot in the first instance go to the hospital and secure this information. The court has no knowledge of and the motion does not allege any fact upon which the necessity or propriety of making it might be based. Is there a rule of the hospital that it will not show these records to anyone except by the express permission of the plaintiff? If such is the fact the motion does not mention it. On the other hand, if the fact is that the defendant might go to the hospital and inspect the records there is no necessity for the motion.

It is said that this motion, while not a motion for disclosure under the rules, is nevertheless analogous to such a motion. However, the foundation of the equitable power in the court to provide a means by which a party may be put into the possession of information either by praying for facts or by the production of documents is that the information sought is "within the knowledge, possession or power of the adverse party." Here it is plain that the facts sought for are not within the knowledge or possession of the plaintiff. They are in the possession of the hospital. As before stated nothing is alleged which shows that the knowledge is within the power of the plaintiff. See *May vs. Young,* 125 Conn. 1, 9.

In its present form, at least, the motion for the reasons above stated must be denied.